UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Magnum Property Investments, LLC, | Case No.: 19-cv-0004-AJB-MDD |
|---|---|
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR REMAND (Doc. No. 3)** |
| v. | |
| Thane Sevier; Kenneth Wayne Coulson, Kenneth Jake Couson, and DOES 1-10, | |
| Defendants. | |

Presently before the Court is an *ex parte* motion filed by Magnum Property Investments, LLC to remand this unlawful detainer action back to state court. (Doc. No. 3.) For the reasons herein, the Court **GRANTS** Plaintiff's motion, finding the Defendants' Notice of Removal is deficient, and **REMANDS** this action to the San Diego Superior Court.

## I. DISCUSSION

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. §1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §1447(c). Moreover, there is a strong presumption against removal

jurisdiction. Thus, doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable.").

Although Defendants have not filed a response to the *ex parte* motion, "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

Here, Defendants' Notice of Removal asserts this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1333. (Doc. No. 1 at 2.) The federal statutes cited reference federal question jurisdiction, diversity jurisdiction, and an admiralty statute, respectively. First, there is no federal question because the unlawful detainer complaint invokes California law. (*See* Doc. No. 1-2 at 7–10.) Generally, "[f]ederal jurisdiction typically exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). The complaint filed in state court solely concerns unlawful detainer under California law and, thus, presents no federal question. *See Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal

question jurisdiction appears on the face of the Complaint."); *see also Sage Home Mortg., LLC v. Roohan*, No.: 17-cv-1409-AJB-JMA, 2017 U.S. Dist. LEXIS 118119, at * (S.D. Cal. July 27, 2017) (same). Accordingly, federal question jurisdiction does not exist.

Diversity jurisdiction also fails to provide this Court with jurisdiction as Plaintiff's principal place of business is California and Defendants reside in California. Moreover, the amount in controversy in the complaint does not exceed the statutory minimum of $75,000 required to invoke diversity jurisdiction. "In unlawful detainer actions, . . . the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." *Litton Loan Servicing, L.P. v. Villegas*, No. C 10–05478 PJH, 2011 WL 204322, *2 (N.D. Cal. Jan. 21, 2011). Here, the state court complaint states the "amount demanded does not exceed $10,000." (Doc. No. 1-2 at 7.) Thus, the total amount of damages is well below the $75,000 statutory minimum for diversity jurisdiction.

Finally, the subject matter of the complaint is real property, and does not raise issues surrounding admiralty or maritime, thus 28 U.S.C. § 1333 also fails to give this court jurisdiction.

## II. CONCLUSION

Because Defendants cannot establish federal jurisdiction, removal was improper. The Court **GRANTS** Plaintiff's motion for remand back to the San Diego Superior Court for lack of subject matter jurisdiction. Accordingly, the Court **DENIES** as moot Defendant's motion to proceed in forma pauperis. (Doc. No. 2.)

**IT IS SO ORDERED.**

Dated: January 10, 2019

Hon. Anthony J. Battaglia
United States District Judge